IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY FLORIDA

DYAN RODRIGUEZ AND CARLOS RODRIGUEZ,

   Plaintiffs,

v.                 CASE NO.:

NATIONWIDE MUTUAL INSURANCE COMPANY,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendant and allege:

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs, and attorney's fees..

2. At all times material hereto, in consideration of a premium paid by Plaintiffs, there was in full force and effect a certain property insurance policy issued by Defendant with a policy number of 77 09 HR 023323 (Policy). A copy of the Policy is incorporated by reference as Plaintiffs do not have a full copy of the Policy in Plaintiffs' possession, custody, or control.

3. Accordingly, under the terms of the Policy, Defendant agreed to provide insurance coverage to Plaintiffs' property against certain losses for both the actual cash value and replacement cost value.

4. Plaintiffs' property is located at 2404 Saint Charles Avenue, Melbourne, FL 32935 (Property).

5. On or about 09/28/2022, while the Policy was in full force and effect, the Property was damaged (Loss).

6. Promptly thereafter Plaintiffs reported the Loss to Defendant.

7. Accordingly, Defendant assigned claim number 180781-GO to the Loss and investigated the Loss.

8. Subsequently, Defendant failed to adjust the Loss pursuant to the unambiguous terms of the Policy.

9. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy, Defendant has materially breached the Policy by failing to pay the actual cash value and replacement cost value of the claim.

10. Plaintiffs suffered and continue to suffer damages resulting from Defendant's material breach of the Policy.

11. All (a) conditions precedent and (b) conditions subsequent to the filing of this action have been satisfied or waived.

12. At least ten (10) business days prior to the filing of this lawsuit, pursuant to Fla. Stat. § 627.70152 Plaintiffs sent a presuit settlement demand to Defendant.

13. Defendant failed to properly respond to said presuit settlement demand.

## COUNT I – BREACH OF CONTRACT

14. Plaintiffs reincorporate paragraphs one (1) through thirteen (13) in Count I.

15. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy and by failing to properly respond to said presuit settlement demand, Defendant has materially breached the Policy.

16. Plaintiffs suffered, and continue to suffer, damages resulting from Defendant's material breach of the Policy.

17. Plaintiffs were obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant for damages, plus interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

### COUNT II – PETITION FOR DECLARATORY RELIEF

18. Plaintiffs reincorporate paragraphs one (1) through thirteen (13) in Count II.

19. This is a first party action for property insurance benefits to which Florida law applies.

20. The State of Florida enacted new legislation, Florida Senate Bill 76, which seeks to regulate, in part, first party lawsuits for property insurance benefits.

21. As part of Florida Senate Bill 76, a new statute was created, Fla. Stat. § 627.70152, and two existing statutes were amended, Fla. Stat. § 627.428(1) and Fla. Stat. 626.9373(1).

22. Collectively, the new statute and the amendments create a new condition precedent to the filing of a first party action for property insurance benefits and places restrictions and limitations on an insured's right to recover attorney's fees.

23. Florida Senate Bill 76, Section 15, states the Bill shall take effect July 1, 2021.

24. Previously, the Florida Supreme Court held where the legislature passes new legislation changing an insured's rights or ability to recovery attorney's fees in a first party action, such legislation may only apply prospectively to insurance policies issued after the effective date of the legislation (even where the legislature expressed an intent for their legislation to apply retroactively). See Menendez v. Progressive Exp. Ins. Co., Inc., 35 So. 3d 873, 878 (Fla. 2010).

25. Plaintiffs, believe, but are in doubt, that the changes in Florida Senate Bill 76 do not apply in this action as the subject policy has an effective date prior to July 1, 2021.

26. In this action, Plaintiffs retained the undersigned attorneys, in part, to determine Plaintiffs' rights as potentially modified by Florida Senate Bill 76 and against the Defendant,

therefore Plaintiff demands Plaintiffs' reasonable attorney's fees are paid pursuant Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter declaratory judgment against Defendant determining that the changes in the law established by Florida Senate Bill 76 do not apply to this action and for Plaintiffs' reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues triable as a matter of right.

Dated: September 13th, 2023.

Respectfully submitted,

By: /s/ Kevin Weisser
KEVIN WEISSER
Florida Bar No: 98828
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiff
800 East Broward Boulevard, Suite 510
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: KW@WEKLaw.com
JK@WEKLaw.com
Service@WEKLaw.com